IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
*Electronically filed*

| | |
|---|---|
| KATHERINE WEST | PLAINTIFF |
| v. | |
| L.A. WEBB | DEFENDANTS |

    Serve: L.A. Webb
        Dekalb County Police Department
        1960 W Exchange Place
        Tucker, GA 30084

J.L. JEFFERSON
    Serve: J.L. Jefferson
        Dekalb County Police Department
        1960 W Exchange Place
        Tucker, GA 30084

W.T. CAMERON
    Serve: W.T. Cameron
        Dekalb County Police Department
        1960 W Exchange Place
        Tucker, GA 30084

## COMPLAINT

1. The Plaintiff, Katherine West, is a citizen and resident of the State of Georgia and at all relevant times resided at 1638 S Deshon Rd., Lithonia, GA 30058.

2. The Defendant, L.A. Webb ("Officer Webb"), was at all times relevant an officer with the Dekalb County Police Department, acting under color of state law.

3. The Defendant, J.L. Jefferson ("Officer Jefferson") was at all times relevant an officer with the Dekalb County Police Department, acting under color of state law.

4. The Defendant, W.T. Cameron ("Officer Cameron") was at all times relevant an officer with the Dekalb County Police Department, acting under color of state law.

5. Each of the claims asserted against Defendant Officer Webb is asserted against him in his individual capacity only.

6. Each of the claims asserted against Defendant Officer Jefferson is asserted against them in their individual capacity only.

7. Each of the claims asserted against Defendant Officer Cameron is asserted against them in their individual capacity only.

8. Plaintiff's allegations include the following claims brought under 42 U.S.C. § 1983: unlawful search, seizure and detention, excessive force, false arrest.

9. This Court has original federal question jurisdiction over this action under 28 U.S.C. §§ 1331 as Plaintiff alleges two separate counts arising under 42 U.S.C. § 1983.

10. This Court has supplemental jurisdiction over the state law claims in accordance with 28 U.S.C. § 1367. Each of the state law claims arises from the same facts and circumstances as the Plaintiff's federal law claims.

11. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1441(a) because the facts that gave rise to the Plaintiff's allegations all occurred in Dekalb County, Georgia, which is located within the Northern District of Georgia, Atlanta Division.

## FACTUAL ALLEGATIONS

12. On February 18, 2021, Plaintiff West was at her home when three Dekalb County Police Department officers, Officers Webb, Cameron, and Jefferson, knocked on her door.

13. Ms. West opened her door, stood in the doorway, and spoke to the officers.

14. Officer Webb asked Ms. West to fully open the door, but she declined to do so.

15. Officer Webb told Ms. West that he had gotten a call about a "disturbance" involving "shouting and screaming inside."

16. There was no disturbance call.

17. Ms. West told officer Webb that there was no disturbance at her home, that she was there with her mom and her daughter.

18. Officer Webb then questioned Ms. West about the ownership of a truck outside her home.

19. Ms. West explained that her husband was working on the truck, and that he was not home.

20. Suddenly and without warning, Officer Webb forced his way into Ms. West's home, shoved her into a wall, and handcuffed her.

21. The other officers followed Officer Webb into Ms. West's home.

22. Officer Webb did not have a warrant permitting entry into, or a search of, Ms. West's home.

23. Officer Webb did not have a warrant to arrest Ms. West.

24. Officer Webb did not have any cause, much less probable cause, to believe Ms. West had committed a crime.

25. Officer Webb did not have any basis to suspect, much less reasonable suspicion to suspect, that Ms. West was engaged in, was engaging in, or was about to engage in a crime.

26. Officer Webb did not enter Ms. West's home or detain Ms. West because of any exigent circumstance.

27. Officer Webb and the other officers had no legal authority or justification for entering Ms. West's home or detaining Ms. West.

28. Officers Webb, Cameron, and Jefferson searched the Plaintiff's home.

29. Officers Webb, Cameron, and Jefferson detained Ms. West for an extended period of time, forced her out of her home in handcuffs, and locked her in the back of a police cruiser.

30. There was no circumstance that justified Ms. West's initial detention, and there was no justification for, or investigatory purpose in, handcuffing Ms. West, detaining her for an extended period of time, forcing her out of her home in handcuffs, or locking her in the back of the police cruiser.

31. Ms. West was eventually released without charges, as she had not committed any crime.

32. Officers Webb, Cameron, and Jefferson did not have any legal right to use force on Ms. West, forcibly enter her home, detain her, or arrest her.

33. Ms. West made a formal complaint about the officers' misconduct with the Dekalb County Police Department.

34. As a result of that complaint an Internal Affairs review was conducted.

35. That review found that Officer Webb's conduct regarding Ms. West violated three policies: Duty to Read/Understand and Comply with Orders, Conduct Unbecoming On/Off Duty Conduct, and Body-Worn Cameras.

36. Officers Webb, Cameron, and Jefferson's illegal entry into Ms. West's home, use of force against Ms. West, and unlawful detention and arrest of Ms. West,

caused Ms. West to be deprived of her constitutional rights and caused her physical and emotional injury.

37. All of the foregoing acts were committed by Officers Webb, Jefferson, and Cameron under color of law and with the authority of their positions as officers with the Dekalb County Police Department.

### COUNT I - *42 U.S.C. § 1983 - Unlawful Entry and Search*

38. The factual allegations in paragraphs 12 – 37 are incorporated by reference.

39. At all times relevant hereto, Plaintiff possessed a right under the Fourth Amendment to the United States Constitution to be free from unreasonable search, seizure, detention and confinement and to be secure in her person, personal effects, and property.

40. Under color of law, Officers Webb, Cameron, and Jefferson denied Plaintiff's rights, privileges, and/or immunities secured by the United States Constitution by unlawfully entering her home and searching it without a warrant or other legal right to do so.

41. The conduct of Officers Webb, Cameron, and Jefferson violated clearly established constitutional rights of which a reasonable officer would have known.

42. The conduct of Officers Webb, Cameron, and Jefferson constituted a reckless and/or callous indifference to Plaintiff's federally protected rights.

43. As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, arrest, detention, physical confinement, loss of civil rights, compulsion, mental pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing, as well as, her reasonable attorney's fees, punitive damages, and costs.

### COUNT II - *42 U.S.C. § 1983 – Excessive Force*

44. The factual allegations in paragraphs 12 – 37 are incorporated by reference.

45. At all times Plaintiff had a right under the Fourth Amendment to the United States Constitution to be free from the unreasonable use of force by Officer Webb.

46. Officer Webb used unreasonable force on Katherine West when he forced his way into her home, shoved her, and handcuffed her.

47. The force used by Officer Webb was objectively unreasonable because the Plaintiff had not committed any crime, there was no threat of danger to Officers Webb, Cameron, and Jefferson or any other person, and Plaintiff did not try to resist or flee in any manner.

48. The conduct of Officer Webb violated clearly established constitutional rights of which a reasonable officer would have known.

49. The aforementioned use of excessive force constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

50. As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, loss of civil rights, compulsion, mental pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing, as well as, her reasonable attorney's fees, punitive damages, and costs.

**COUNT III –** *42 U.S.C. § 1983 – Unlawful Seizure and Detention*

51. The factual allegations in paragraphs 12 – 37 are incorporated by reference.

52. At all times relevant hereto, Plaintiff possessed a right under the Fourth Amendment to the United States Constitution to be free from unreasonable search, seizure, detention and confinement and to be secure in her person, personal effects, and property.

53. Under color of law, Officers Webb, Cameron, and Jefferson denied Plaintiff's rights, privileges, and/or immunities secured by the United States Constitution by unlawfully seizing and detaining her without a warrant or other legal right to do so.

54. The conduct of Officers Webb, Cameron, and Jefferson violated clearly established constitutional rights of which a reasonable officer would have known.

55. The conduct of Officers Webb, Cameron, and Jefferson constituted a reckless and/or callous indifference to Plaintiff's federally protected rights.

56. Officers Webb, Cameron, and Jefferson seized and detained the Plaintiff and deprived the Plaintiff of her liberty by physical restraint.

57. The seizure and detention were wrongful, improper, and without reasonable justification, authority, or privilege.

58. As a direct and proximate cause of the foregoing seizure, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, arrest, detention, physical confinement, loss of civil rights, compulsion, mental pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as her reasonable attorney's fees, punitive damages, and costs.

## COUNT IV - *42 U.S.C. § 1983 – False Arrest*

59. The factual allegations in paragraphs 12-37 are incorporated by reference.

60. At all times relevant hereto, Plaintiff possessed a right under the Fourth Amendment to the United States Constitution to be free from arrest without a warrant or probable cause to believe she had committed a crime.

61. Under color of law, Officers Webb, Cameron, and Jefferson denied Plaintiff's rights, privileges, and/or immunities secured by the United States

Constitution by unlawfully detaining her for an extended period of time and locking her in the back of a police cruiser without a warrant or other legal right to do so.

62. The conduct of Officers Webb, Cameron, and Jefferson violated clearly established constitutional rights of which a reasonable officer would have known.

63. The conduct of Officers Webb, Cameron, and Jefferson constituted a reckless and/or callous indifference to Plaintiff's federally protected rights.

64. As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, arrest, detention, physical confinement, loss of civil rights, compulsion, mental pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as her reasonable attorney's fees, punitive damages, and costs.

**WHEREFORE**, the Plaintiff respectfully demands judgment against the Defendants as follows:

1. For judgment entered against the Defendants on each claim asserted;

2. For actual, special, punitive, statutory, and compensatory damages, in an amount greater than the jurisdictional minimum;

3. For the Plaintiff's reasonable attorney's fees and costs; and

4. For any other relief to which the Plaintiff may be entitled.

RESPECTFULLY submitted this 11th day of January, 2023.

                                      */s/ Miguel A. Dominguez* .
MIGUEL A. DOMINGUEZ, ESQ.
GEORGIA BAR NUMBER: 301860
Morgan & Morgan Atlanta, PLLC
191 Peachtree Street NE, Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343
Telephone: (404) 965-1635
Facsimile: (404) 720-3772
Email: mdominguez@forthepeople.com

11

## **LR 7.1 (D) ND.Ga. CERTIFICATE**

This is to certify that the foregoing has been prepared using one of the font and point selections approved in LR 5.1 ND.Ga.: Times New Roman (14 point).

Submitted this 11th day of January, 2023.

*/s/ Miguel A. Dominguez*          .
MIGUEL A. DOMINGUEZ, ESQ.
GEORGIA BAR NUMBER: 301860
Morgan & Morgan Atlanta, PLLC
191 Peachtree Street NE, Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343
Telephone: (404) 965-1635
Facsimile: (404) 720-3772
Email: mdominguez@forthepeople.com